**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON SAUNDERS, | No. 12-15020 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-01567-AWI-GSA |
| v. | |
| MATTHEW CATE; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted February 11, 2013**

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Jason Saunders, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to pay a filing

fee, after it denied Saunders in forma pauperis status on the ground that Saunders

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

had "three strikes" under 28 U.S.C. § 1915(g).  We review de novo a district court's application of § 1915(g), *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005), and we vacate and remand.

The district court improperly denied Saunders' request to proceed in forma pauperis because Saunders' proposed amended complaint made plausible allegations that he was "under imminent danger of serious physical injury" at the time he lodged the complaint.  28 U.S.C. § 1915(g); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (an exception to the three-strikes rule applies "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").  Moreover, the district court erred in denying Saunders leave to file his proposed amended complaint because it was the first amended complaint in case number 1:06-cv-01567 and Saunders was entitled to amend his complaint once as a matter of right prior to a responsive pleading being filed.  *See* Fed. R. Civ. P. 15(a)(1); *Jones v. Bock*, 549 U.S. 199, 214 (2007) ("PLRA's screening requirement does not—explicitly or implicitly—justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself.").

Saunders' motion to stay the briefing in this appeal, submitted on December 10, 2012, is denied as moot.

**VACATED and REMANDED.**